■ DAVID LEWIS, Appellant, v TILDA LEWIS, Respondent.—Order, Supreme Court, New York County, entered May 2, 1978, partially confirming the report of the Special Referee and granting a downward modification of alimony from $300 per week to $75 per week and awarding $1,000 counsel fees, unanimously reversed, on the facts and in the exercise of discretion, without costs, and the matter remanded for a new hearing. Order, Supreme Court, New York County, entered March 2, 1979, directing entry of judgment for alimony arrears and counsel fees in the total sum of $51,400, covering the period of October, 1974 through February, 1978, unanimously reversed, on the facts and in the exercise of discretion, without costs, and the matter remanded for a hearing to be held concomitantly with the hearing ordered to determine whether there should be a downward modification of alimony. In a judgment of divorce, entered in 1971, the defendant was awarded $300 per week alimony. The plaintiff made the mandated payments, inclusive of taxes due on those sums. In 1975, after plaintiff failed to make payments, the defendant made a motion to hold the plaintiff in contempt, and the defendant made a cross motion for a downward modification of alimony. The court withheld decision on both motions pending a hearing before a Special Referee who was to report to the court together with his recommendations. The Referee found that plaintiff proved that he had suffered substantial business reverses. He found, further, however, that the plaintiff had some assets and participated in starting a new business, and therefore only recommended reduction of alimony payments to $115 per week. The defendant moved to confirm the report of the Referee, and the plaintiff moved to disaffirm it. The court remanded the matter to the Special Referee in view of the fact that the business allegedly established by plaintiff was defunct and the finances of plaintiff appeared "very negative". Upon rehearing, the Referee recognized that the business venture of plaintiff was subject to an assignment for the benefit of creditors and that plaintiff had no interest in the assigned assets. Despite these facts, he nonetheless adhered to his original recommendation. The motions to confirm and disaffirm this second report resulted in a modification by the court of the recommendation of the Referee to the extent of directing a downward modification of alimony to $75 per week. The court declined to find plaintiff in contempt. Based on this order, defendant then moved for entry of judgment against plaintiff based on alimony arrears. The court granted the relief requested, and ordered that a money judgment in the amount of $51,400 be entered against the plaintiff. The plaintiff has appealed from both orders. We would reverse and remand for a further hearing both on the issue of the amount of arrears and the extent of downward modification. The award of downward modification of alimony is based upon the second report of the Referee. This report stated no factual basis for concluding that the plaintiff had resources sufficient to support payment of alimony as recommended, or even as finally awarded. The order directing entry of a judgment for arrears was merely a mathematical computation of the arrears due at the rate of $300 per week for the period prior to downward modification, and at the rate of $75 per week afterwards.

This second court also declined to find plaintiff in contempt. These hearings were initially held in late 1976 and late 1977. The plaintiff is now almost 70 years of age, and his present financial status is not presented to this court. In addition, we cannot find basis in the record before us to sustain the conclusion of the second report of the Referee (see CPLR 4213; *Rosen Trust v Rosen,* 53 AD2d 342, 361). We have, accordingly, remanded the matter for a further hearing to determine the financial status of the parties. In awarding arrears, if any are to be awarded, the court should be mindful of plaintiff's financial ability to meet the directives of the court (cf. *Kyros v Kyros,* 54 AD2d 581). Concur—Bloom, J. P., Lane, Silverman and Ross, JJ.